Eric SHIPTON, Respondent,

v.

GEO. A. HORMEL COMPANY, self-insured, Relator.

No. C7-87-1363.

Supreme Court of Minnesota.

Aug. 19, 1988.

Gary E. Leonard, Austin, for relator.

Raymond R. Peterson, Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal from a Workers' Compensation Court of Appeals' decision affirming an award of economic recovery compensation to be followed by temporary partial compensation for a period of employment and granting an additional award of temporary partial compensation at the temporary total rate for a period of unemployment. We affirm in part and reverse in part.

The facts in this case are not in dispute. On July 3, 1985, Eric Shipton sustained a work-related injury. Shipton's self-insured employer, George A. Hormel, paid tempo-

rary total benefits to Shipton through February 27, 1986, which was 90 days past service of the maximum medical improvement report. After termination of temporary total benefits, Hormel commenced payment of economic recovery compensation. On August 14, 1986, Shipton began working for another employer at a wage loss because no work was available with Hormel.

The compensation judge awarded economic recovery compensation from February 28, 1986 through September 14, 1986 (a 33-week period). He further awarded temporary partial benefits from and after September 14, 1986. On appeal, the Workers' Compensation Court of Appeals affirmed the award of economic recovery compensation; and in addition, awarded temporary partial benefits to be paid at the temporary total rate between February 28, 1986 and August 14, 1986, and temporary partial benefits from August 14, 1986 to the date of the hearing and continuing based upon his actual wages.

We affirm the award of temporary partial benefits based on post-injury wages. *Gasper v. Northern Star Company*, 422 N.W.2d 727 (Minn.1988). We reverse the award of temporary partial benefits at the temporary total rate. *Parson v. Holman Erection Company*, 428 N.W.2d 72 (Minn.1988).

Affirmed in part, reversed in part.

Employee is awarded $400 in attorney fees.

KELLEY, J., took no part.