**Marvin DENGERUD, Respondent,**

v.

**UTLEY–JAMES, INC., and Michigan Mutual Insurance/Equity Adj., Relators,**

and

**Minnesota Department of Jobs and Training, Intervenor.**

**No. C7–88–465.**

Supreme Court of Minnesota.

Aug. 26, 1988.

Elizabeth A. Holden, Minneapolis, for Utley–James, Inc.

Richard Rhode, Minnesota Dept. of Jobs and Training, St. Paul, for intervenor.

Russell G. Sundquist, St. Paul, for respondent.

AMDAHL, Chief Justice.

We review on certiorari a decision of the Workers' Compensation Court of Appeals affirming an award of temporary partial compensation. We affirm in part and reverse in part.

On October 30, 1984, Marvin Dengerud (hereinafter employee) injured his low back while working for Utley–James, Inc. as a construction carpenter. Mid–November, the employee sought treatment for his back. Utley–James and its workers' compensation liability insurer commenced payment of temporary total benefits at that time but discontinued them a month later on grounds that the employee could return to work. Utley–James and its insurer also informed the employee that it was denying primary liability and that he should submit his medical bills to his personal insurer. The employee then discontinued treatment for his back.

In January 1985, the employee contacted Utley–James in an attempt to obtain work, but nothing was available there. The employee eventually found intermittent light-duty carpentry work with various employers (other than Utley–James) between September 1985 and December 1986.

The compensation judge found that the employee had sustained a 10.5% permanent

whole body impairment as a result of the 1984 work injury, that the employee had reached maximum medical improvement on June 5, 1986, that Utley–James had made no job offers after that date, and that the employee had sustained a reduction in earning capacity. The compensation judge awarded temporary partial benefits for those periods of time the employee worked at a wage loss; temporary total benefits until 90 days past maximum medical improvement and temporary partial benefits at the temporary total rate for periods of unemployment beyond 90 days past maximum medical improvement. Permanent partial benefits were awarded as economic recovery compensation. On appeal, the Workers' Compensation Court of Appeals affirmed by majority decision all findings but modified the award, as per agreement of the parties, to exclude benefits for a period of time the employee was hospitalized for non-work-related disability reasons.

Pursuant to the rationale of *Gasper v. Northern Star Co.*, 422 N.W.2d 727 (Minn. 1988) we affirm the award of temporary partial benefits based on post-injury wages and for the reasons stated in *Parson v. Holman Erection Co.*, 428 N.W.2d 72 (Minn.1988), we reverse the award of temporary partial benefits at the temporary total rate. Accord *Shipton v. Geo. A. Hormel*, 426 N.W.2d 888 (Minn.1988). As for the other claims of Utley–James and its workers' compensation liability insurer, we have carefully reviewed the record and find them to be without merit.

Affirmed in part, reversed in part.

Employee is awarded $400 in attorney fees.